# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SCARLETH JUNIETH RODRIGUEZ PACHECO,

    Petitioner,

    v.

WARDEN, Otay Mesa Detention Center; et al.;

    Respondents.

Case No.:  3:26-cv-02621-BTM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 7]**

Scarleth Junieth Rodriguez Pacheco petitioned the Court for the writ of habeas corpus on April 21, 2026.  (ECF No. 1.)  She claims in her amended petition that the Respondents violated the Due Process Clause of the Fifth Amendment by revoking her parole without notice and opportunity to be heard.  (ECF No. 7, at 2.)  The Respondents acknowledge that this Court has granted petitions with similar facts and legal issues.  (ECF No. 9, at 2.)  They "defer[] to the Court on the appropriate relief."  (*Id.*)

The Court analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), and *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244 (S.D. Cal. Apr. 20, 2026).  The Court adopts its previous decisions and

applies them here.  The Court finds that the Petitioner was granted conditional parole after Border Patrol detained her upon entry and then released her into the country two days later. (ECF No. 7-1, ¶ 2.)  She was released without posting a bond but was required to call an officer from the Immigration and Customs Enforcement ("ICE") every week for six months.  (*Id.* ¶ 3.)  *See J.S.H.M v. Wofford*, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025) ("A person on conditional parole is usually released on their own recognizance subject to certain conditions such as reporting requirements.").  The Court also finds that, in light of the *Mathews v. Elridge* factors, the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest.  *See* 424 U.S. 319, 334–35 (1976).

The Respondents violated the Petitioner's due process rights by "detaining [her] without justification."  *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021).  ICE did not give her notice of any reason for her detention or an opportunity to rebut it.  Moreover, the Respondents do not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.  Thus, the writ must issue to release her from custody.

The petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**.  The Respondents shall immediately release Rodriguez Pacheco from custody on any preexisting conditions.  The Respondents shall return any property obtained from the Petitioner at the time of her arrest.  The Respondents are ordered to provide the Petitioner with any reporting requirements and a date for her next hearing before an Immigration Judge for her asylum claim.  The parties shall file a joint statement as to the satisfaction of the writ by May 26, at 12 p.m.  The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  May 22, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-2621